**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CYNTHIA SANCHEZ** | : | |
| **35 Tailor Lane** | : | **CIVIL ACTION** |
| **Sicklerville, NJ 08081** | : | |
| | : | |
| **Plaintiff,** | : | **NO.   2:25-cv-6690** |
| | : | |
| **v.** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **UNIVERSAL INTERMODAL SERVICES, INC.** | : | |
| **12755 East 9 Mile Road** | : | |
| **Warren, MI 48089** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

1.      Cynthia Sanchez ("Ms. Sanchez" or "Plaintiff") is an adult hispanic female of

Puerto Rican descent, residing at 35 Tailor Lane in Sicklerville, New Jersey.

2.      Ms. Sanchez was employed by Defendant Universal Intermodal Services, Inc. as a

Fleet Manager beginning July of 2022 until she was unlawfully terminated on May 6, 2024.  At

the time Defendant terminated her, she was 52 years of age.

3.      Ms. Sanchez worked at Defendant's facility located at 2900 Hedley Street in

Philadelphia, Pennsylvania.

4.      Defendant Universal Intermodal Services, Inc. ("Universal" or "Defendant") is a

corporation or other legal entity headquartered at 1277 East 9 Mile Road in Warren, Michigan

and conducting business within the Eastern District of Pennsylvania at 2900 Hedley Street in

Philadelphia, Pennsylvania.  Universal is an employer as defined by Title VII, the ADEA, the

Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

1

5.      At all relevant times hereto, Universal acted by and through its duly authorized

actual and/or apparent agents and employees, including but not limited to Stephanie Cooper,

Regional Manager Christopher Cawley, HR Specialist "Chris" and the other Universal

employees, acting within the course and scope of their actual and/or apparent agency and

employment.

6.      Universal's actions against Ms. Sanchez gives rise to the multiple legal causes of

action, including for age discrimination, race discrimination, national origin discrimination,

unlawful termination, maintenance of a hostile work environment, harassment and retaliation

pursuant to federal, state and local civil rights laws, Title VII of the Civil Rights Act of 1964, 42

U.S.C. §2000e, ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the

Pennsylvania Human Relations Act, P.S. Sections 951 *et seq.* ("PHRA"), and the Philadelphia

Fair Practices Ordinance (PFPO).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over Plaintiff's claims for relief under 28 U.S.C.

§§1331, 1332, and 1343 since those claims are based in part on violations of and arise under the

laws of the United States, including Title VII and the ADEA, and there is diversity of citizenship

between the parties.

8.      Jurisdiction is also invoked pursuant to 28 U.S.C. §1367, granting this Court

supplemental or pendent jurisdiction over the state law claims asserted under the common law

and statutes of the Commonwealth of Pennsylvania, including the Pennsylvania Human

Relations Act, 43 P.S. Sections 951 *et seq.* and the Philadelphia Fair Practices Ordinance,

because the state claims and federal claims are so interrelated that they are the same case or

controversy under Article III of the United States Constitution.

9.    Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391 since the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

10.    Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII, the PHRA and the PFPO.

### FACTS PERTAINING TO PLAINTIFF'S LEGAL CLAIMS

11.    Ms. Sanchez performed her job at a high level and had no previous discipline or performance issues.  She was hired and excelled at her job, in part, because she is a bilingual speaker of English and Spanish.

12.    On April 3, 2024, Terminal Manager Stephanie Cooper (Caucasian, 30s) directed Ms. Sanchez to: "From now on, stop speaking Spanish to the drivers."

13.    Although she complied with Ms. Cooper's directive, Ms. Sanchez communicated to Ms. Cooper her opposition to this directive because she was most effectively communicating with the drivers in Spanish and she understood that one of the reasons that she was hired in the first place was her ability to speak Spanish.

14.    Thereafter, Ms. Cooper issued two "Incident Action Reports" against Ms. Sanchez on April 16, 2024 and April 30, 2024 which were baseless and premised on false facts.

15.    On May 2, 2024, Ms. Sanchez reported to the Regional Manager Christopher Cawley and HR specialist Chris about discrimination and unfair treatment by Ms. Cooper due to her directive to stop speaking Spanish and her retaliatory actions.

16.    Only days later, on May 6, 2024, Ms. Cooper called Ms. Sanchez into her office with an HR Manager on the phone, and told Ms. Sanchez that her employment was being terminated "in light of recent events."

17.    Following her unlawful termination, Ms. Sanchez was replaced in her position by a significantly younger caucasian woman in her 20s.

18.    It is clear that her termination was in violation of her right to be free of discrimination and in retaliation for making good faith reports of discrimination and harassment to her superiors and HR at Universal Intermodal.

## COUNT I

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.***
**RACE DISCRIMINATION, HARASSMENT, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT and RETALIATION**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

19.    Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

20.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race.

21.    Discrimination on the basis of race that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as race discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her race; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the totality of circumstances described in the facts set forth hereinbefore, the foregoing five elements are established.

4

22.    Defendant retaliated against Plaintiff as a result of her complaints of discriminatory treatment, harassment and a hostile work environment.

23.    Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

24.    Defendant is liable for the acts of management and Plaintiff's co-workers, because Defendant knew of the existence of a discriminatory and a hostile work environment, but allowed the illegal acts and practices to continue and took no corrective action.

25.    Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her race and retaliated against her for standing up for herself, in deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq. as amended.*

26.    Defendant unlawfully retaliated against Plaintiff as a result of her standing up for herself by reporting about Defendant's unlawful conduct.

27.    The described unlawful employment practices by Defendant were intentional, deliberate, and willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

28.    By reason of Defendant's discrimination, harassment, maintenance of a hostile work environment and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, front pay and back pay, punitive damages,

reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court

deems just and proper.

<b><u>COUNT II</u></b>

<b>VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT<br>
RACE DISCRIMINATION IN EMPLOYMENT, HARASSMENT, CREATING A<br>
HOSTILE WORK ENVIRONMENT AND RETALIATION</b>

<b>Cynthia Sanchez v. Universal Intermodal Services, Inc.</b>

29.     Plaintiff restates and realleges each of the previous paragraphs as though set forth

here in full.

30.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The

Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race.

31.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on

the basis of her race and has deprived her of her rights in violation of the Pennsylvania Human

Relations Act, 43 P.S. § 955 *et. seq.*

32.     The effect of the aforementioned conduct, including harassment, maintenance of a

hostile work environment, retaliation and discrimination, culminating in her unlawful firing, has

been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an

employee because of her race.

33.     By reason of Defendant's harassment, maintenance of a hostile work

environment, retaliation and discrimination, culminating in her unlawful firing, Plaintiff is

entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and

requests an award of relief including, but not limited to compensatory damages, including any

6

and all recoverable economic and noneconomic loss, front pay and back pay, punitive damages,

reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court

deems just and proper.

**COUNT III**

**VIOLATION OF PHILADELPHIA FAIR PRACTICES ORDINANCE
RACE DISCRIMINATION, HARASSMENT, MAINTENANCE OF A HOSTILE WORK
ENVIRONMENT AND RETALIATION IN EMPLOYMENT**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

34.     Plaintiff restates and realleges each of the previous paragraphs as though set forth

here in full.

35.     This claim arises under the Philadelphia Fair Practices Ordinance, Phila. Code

§9-1103(A)(1), which makes it unlawful to discharge or otherwise discriminate against any

individual in the terms, conditions, or privileges of employment on the basis of race.

36.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on

the basis of her race and has deprived her of her rights in violation of the Philadelphia Fair

Practices Ordinance.

37.     Defendant's conduct created an abusive and hostile work environment which was

severe and pervasive and fundamentally altered the conditions of employment to Plaintiff's

detriment.

38.     The Philadelphia Fair Practices Ordinance prohibits employers from taking

adverse action or retaliating against employees for opposing or reporting about discrimination or

harassment. Phila. Code §9-1103(A)(7).

39.     Plaintiff's reporting of race discrimination is a "protected activity" under the

Philadelphia Fair Practices Ordinance.

7

40.     Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her under false pretenses.

41.     The effect of the aforementioned conduct, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her race and her opposition to race discrimination at Defendant's workplace.

42.     Defendant acted intentionally and willfully.

43.     By reason of Defendant's retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to actual and compensatory damages, including any and all recoverable economic and noneconomic loss, back pay, front pay, punitive damages, reasonable attorneys' fees and costs, pre-judgment and post judgment interest, and such other further relief as may be just, necessary and proper.

**COUNT IV**

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED,
42 U.S.C. § 2000e *et seq.*
NATIONAL ORIGIN DISCRIMINATION, HARASSMENT, MAINTENANCE OF A
HOSTILE WORK ENVIRONMENT and RETALIATION**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

44.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

45.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* as amended by the Civil Rights Act of 1991 ("Title VII), makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment on the basis of her national

origin.

46.    Discrimination on the basis of national origin that creates an abusive and hostile

work environment, such that the conditions of employment are altered, is actionable under Title

VII as national origin discrimination. In order to establish a hostile work environment, five

factual elements must be established: (1) that the employee suffered intentional discrimination

because of his or her national origin; (2) that the discrimination detrimentally affected him or

her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would

detrimentally affect a reasonable person in the same position as the employee; and (5) that

respondeat superior liability exists. In the totality of circumstances described in the facts set forth

hereinbefore, the foregoing five elements are established.

47.    Defendant retaliated against Plaintiff as a result of her complaints of

discriminatory treatment, harassment and a hostile work environment.

48.    Defendant is liable for discrimination alleged herein under the doctrine of

*respondeat superior* due to the actions and statements of its managers and employees.

49.    Defendant is liable for the acts of management and Plaintiff's co-workers,

because Defendant knew of the existence of a discriminatory and a hostile work environment,

but allowed the illegal acts and practices to continue and took no corrective action.

50.    Based upon the foregoing facts, Defendant has discriminated against Plaintiff on

the basis of her national origin and retaliated against her for standing up for herself, in

deprivation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et.*

*seq. as amended.*

51.     Defendant unlawfully retaliated against Plaintiff as a result of her standing up for herself by reporting about Defendant's unlawful conduct.

52.      The described unlawful employment practices by Defendant were intentional, deliberate, and willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

53.     By reason of Defendant's discrimination, harassment, maintenance of a hostile work environment and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, front pay and back pay, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

### COUNT V

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**NATIONAL ORIGIN DISCRIMINATION IN EMPLOYMENT, HARASSMENT,**
**CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

54.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

55.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate

10

against any individual in the terms, conditions, or privileges of employment on the basis of national origin.

56.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her national origin and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

57.     The effect of the aforementioned conduct, including harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her national origin.

58.     By reason of Defendant's harassment, maintenance of a hostile work environment, retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, back pay and front pay, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT VI

### VIOLATION OF PHILADELPHIA FAIR PRACTICES ORDINANCE
### NATIONAL ORIGIN DISCRIMINATION, HARASSMENT, MAINTENANCE OF A
### HOSTILE WORK ENVIRONMENT AND RETALIATION IN EMPLOYMENT

### Cynthia Sanchez v. Universal Intermodal Services, Inc.

59.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

60.     This claim arises under the Philadelphia Fair Practices Ordinance, Phila. Code §9-1103(A)(1), which makes it unlawful to discharge or otherwise discriminate against any individual in the terms, conditions, or privileges of employment on the basis of national origin.

61.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her national origin and has deprived her of her rights in violation of the Philadelphia Fair Practices Ordinance.

62.     Defendant's conduct created an abusive and hostile work environment which was severe and pervasive and fundamentally altered the conditions of employment to Plaintiff's detriment.

63.     The Philadelphia Fair Practices Ordinance prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about discrimination or harassment. Phila. Code §9-1103(A)(7).

64.     Plaintiff's reporting of race discrimination is a "protected activity" under the Philadelphia Fair Practices Ordinance.

65.     Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her under false pretenses.

66.     The effect of the aforementioned conduct, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her national origin and her opposition to national origin discrimination at Defendant's workplace.

67.     Defendant acted intentionally and willfully.

68.     By reason of Defendant's retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to actual and compensatory damages, including any and all recoverable economic and noneconomic loss, back pay, front pay, punitive damages, reasonable attorneys' fees and costs, pre-judgment and post judgment interest, and such other further relief as may be just, necessary and proper.

**COUNT VII**

**AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

69.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

70.     The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* as amended ("ADEA"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.  At all times complained of herein, Plaintiff was an employee in the protected age category, of at least 40 years of age, pursuant to 29 U.S.C. §631.

71.     Discrimination on the basis of age that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable as age discrimination. In order to establish a hostile work environment, five factual elements must be established: (1) that the employee suffered intentional discrimination because of his or her are; (2) that the discrimination detrimentally affected him or her; (3) that the discrimination was pervasive and regular; (4) that the discrimination would detrimentally affect a reasonable person in the same position as the employee; and (5) that respondeat superior liability exists. In the

totality of circumstances described in the facts set forth hereinbefore, the foregoing five elements are established.

72.    Defendant retaliated against Plaintiff as a result of her complaints of discriminatory treatment, harassment and a hostile work environment.

73.    Defendant is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the actions and statements of its managers and employees.

74.    Defendant is liable for the acts of management and Plaintiff's co-workers, because Defendant knew of the existence of a discriminatory and a hostile work environment, but allowed the illegal acts and practices to continue and took no corrective action.

75.    Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age and retaliated against her for standing up for herself, in deprivation of her rights under the ADEA.

76.    Defendant unlawfully retaliated against Plaintiff as a result of her standing up for herself by reporting about Defendant's unlawful conduct.

77.    The described unlawful employment practices by Defendant were intentional, deliberate, and willful and were with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania.

78.    By reason of Defendant's discrimination, harassment, maintenance of a hostile work environment and retaliation, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any

and all recoverable economic and noneconomic loss, back pay and front pay, punitive damages,

reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court

deems just and proper.

**COUNT VIII**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
AGE DISCRIMINATION IN EMPLOYMENT, HARASSMENT, CREATING A
HOSTILE WORK ENVIRONMENT AND RETALIATION**

**Cynthia Sanchez v. Universal Intermodal Services, Inc.**

79.     Plaintiff restates and realleges each of the previous paragraphs as though set forth

here in full.

80.     This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The

Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of age.

81.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on

the basis of her age and has deprived her of her rights in violation of the Pennsylvania Human

Relations Act, 43 P.S. § 955 *et. seq.*

82.     The effect of the aforementioned conduct, including harassment, maintenance of a

hostile work environment, retaliation and discrimination, culminating in her unlawful firing, has

been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an

employee because of her age.

83.     By reason of Defendant's harassment, maintenance of a hostile work

environment, retaliation and discrimination, culminating in her unlawful firing, Plaintiff is

entitled to all legal and equitable remedies available.

15

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to compensatory damages, including any and all recoverable economic and noneconomic loss, back pay and front pay, punitive damages, reasonable attorneys' fees and costs, and other relief as permitted under the law and as this Court deems just and proper.

## COUNT IX

### VIOLATION OF PHILADELPHIA FAIR PRACTICES ORDINANCE
### AGE DISCRIMINATION, HARASSMENT, MAINTENANCE OF A HOSTILE WORK ENVIRONMENT AND RETALIATION IN EMPLOYMENT

### Cynthia Sanchez v. Universal Intermodal Services, Inc.

84.     Plaintiff restates and realleges each of the previous paragraphs as though set forth here in full.

85.     This claim arises under the Philadelphia Fair Practices Ordinance, Phila. Code §9-1103(A)(1), which makes it unlawful to discharge or otherwise discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.

86.     Based upon the foregoing facts, Defendant has discriminated against Plaintiff on the basis of her age and has deprived her of her rights in violation of the Philadelphia Fair Practices Ordinance.

87.     Defendant's conduct created an abusive and hostile work environment which was severe and pervasive and fundamentally altered the conditions of employment to Plaintiff's detriment.

88.     The Philadelphia Fair Practices Ordinance prohibits employers from taking adverse action or retaliating against employees for opposing or reporting about discrimination or harassment. Phila. Code §9-1103(A)(7).

89.     Plaintiff's reporting of age discrimination is a "protected activity" under the Philadelphia Fair Practices Ordinance.

90.     Defendant retaliated against Plaintiff for engaging in a protected activity by terminating her under false pretenses.

91.     The effect of the aforementioned conduct, culminating in her unlawful firing, has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age and her opposition to age discrimination at Defendant's workplace.

92.     Defendant acted intentionally and willfully.

93.     By reason of Defendant's retaliation and discrimination, culminating in her unlawful firing, Plaintiff is entitled to all legal and equitable remedies available.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and requests an award of relief including, but not limited to actual and compensatory damages, including any and all recoverable economic and noneconomic loss, back pay, front pay, punitive damages, reasonable attorneys' fees and costs, pre-judgment and post judgment interest, and such other further relief as may be just, necessary and proper.

## JURY DEMAND

The Plaintiff demands trial by jury of all issues triable of right to a jury.

## CERTIFICATION

I hereby certify that the Plaintiff has not brought a similar or related lawsuit

encompassing the claims brought in this matter.

Respectfully Submitted,

**THE PEARLMAN LAW FIRM, PLLC**

By:_____

Jason L. Pearlman, Esquire (Pa ID #93879)
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
610-660-7793
jpearlman@pearlmanlawfirm.com

DATED:  November 25, 2025                    *Attorney for Plaintiff Cynthia Sanchez*

18

## **VERIFICATION**

I hereby verify that the statements contained in this Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: 11/24/25

**CYNTHIA SANCHEZ**